GRIMES, Acting Chief Judge.
This case would tax the patience of Judge Wapner.[1]
Pursuant to a judgment of dissolution, the parties entered into an agreement with respect to the division of their personal property. Thereafter, upon the husband’s motion, the court directed that the wife immediately deliver specified items to the husband. The court provided that if the items were not returned, counsel should “submit by letter to the court the intrinsic and extrinsic value of each item for determination of additional credits, without necessity of further hearing.” The husband subsequently filed a motion for contempt stating that certain of the items had not been returned and suggested the “intrinsic and extrinsic value” of each item.[2] The husband and wife then filed conflicting affidavits concerning whether some of the items had been returned.
At this point, the judge wrote the lawyers for both parties, noting the conflicting affidavits and suggesting that if either party felt “that possession of these items merits another hearing, then the affidavits constitute the springboard for hearing or charges on these detailed, but limited items.” The court further directed that the wife return six enumerated items and entered a supplemental order stating that the wife would be held in contempt if this were not accomplished by May 9,1983. Upon an ex parte motion supported by the husband's affidavit of noncompliance by the wife, the court entered an order on May 11, 1983, determining that “the intrinsic and extrinsic values of the personal property which remains undelivered” to the husband was $2,500. After crediting the wife with $947.24, which was due as a result of the disposition of jointly owned real estate, the *1085 court offset the balance against a previous award of $4,000 in attorney’s fees to the wife.
While we fully appreciate the court’s exasperation over the trivial nature of the parties’ disputes and the wife’s apparent intransigence, we are compelled to reverse on grounds of due process. There was obvious disagreement over the status of certain of the items which could only be resolved by testimony at a hearing. Moreover, if the wife was to be monetarily penalized for failure to return any items, she was entitled to a hearing on valuation.
The order of offset against the attorney’s fees is reversed, and the case is remanded for further proceedings consistent with this opinion.
RYDER, J., concurs.
SCHOONOVER, J., concurs in result only.

. "The People's Court,” a nationally syndicated television program produced by Ralph Edwards Productions in association with Stu Billet Productions, shown locally on Channel 10, WTSP, St. Petersburg, Florida.

. ‘ITEM EXTRINSIC INTRINSIC VALUE VALUE
Barbeque Bean Cups (4) and bowls $ 30.00 $ 500.00
Bud vase (sterling) 80.00 1,000.00
Head phones to stereo 100.00 .00
"ITEM EXTRINSIC INTRINSIC VALUE VALUE
Pear coasters $ 15.00 $ .00
One nutcracker set 5.00 .00
Wood antelope 25.00 .00
Two life preservers, orange, CG. required 20.00 .00
Gray suitcase 85.00 .00
Four Girl Scout badges 5.00 300.00
Herb’s campaign posters .00 250.00
One navy windbreaker 25.00 .00”